587 A.2d 626

POLLUTION CONTROL FINANCING AUTHORITY OF WARREN COUNTY, PLAINTIFF–APPELLANT, AND COUNTY OF HUNTERDON AND HUNTERDON COUNTY UTILITIES AUTHORITY, INTERVENORS–APPELLANTS, v. THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, DR. RICHARD T. DEWLING, COMMISSIONER AND GERARD BURKE, DIRECTOR, OFFICE OF REGULATORY SERVICES, DEFENDANTS–RESPONDENTS.

Argued January 15, 1991—Decided March 28, 1991.

*James W. Broscious* argued the cause for appellant Pollution Control Financing Authority of Warren County (*Broscious, Cooke & Glynn*, attorneys; *Robert A. Maren*, on the brief).

*John P. Gallina* argued the cause for intervenors-appellants (*Gaetano M. De Sapio*, attorney).

*Paul H. Schneider*, Deputy Attorney General, argued the cause for respondents (*Robert J. Del Tufo*, Attorney General of New Jersey, attorney; *Michael R. Clancy*, Assistant Attorney General, of counsel).

PER CURIAM.

We affirm the Appellate Division's judgment substantially for the reasons set forth in Judge Baime's majority opinion. 237 *N.J.Super.* 163, 567 *A.*2d 243 (1989). We add these observations, however, to address appellant's argument that taxing the solid waste generated by counties that have established resource-recovery facilities thwarts the legislative intent underlying those provisions of the Solid Waste Management Act relating to solid-waste disposal and resource recovery. See *N.J.S.A.* 13:1E–136 to –168. Specifically, the Pollution Control Financing Authority of Warren County argues that to tax a county that has already fulfilled its solid-waste-management planning responsibilities is anomalous, because the purpose of the tax is to provide counties with funds to carry out such obligations. Therefore, the Authority contends that a county that has already adopted a solid-waste-management plan pursuant to the Act, *N.J.S.A.* 13:1E–20 to –24, should not be taxed. The dissenting opinion below agreed:

> As noted by the majority, the * * * tax is " 'designed to provide counties with funds with which to make the transition toward resource recovery,' " and to establish " 'incentives' for that purpose." Warren and Hunterdon Counties have apparently done what the Legislature wanted, and its citizens should not be saddled with taxes which the Legislature specifically intended to exempt them from by reason of their having made the transition. [237 *N.J.Super.* at 175, 567 *A.*2d 243.]

The State's counterargument, however, is that the Legislature had more than one purpose in imposing taxes on solid waste disposed of at landfills;  it sought to encourage not only resource recovery but also recycling and waste reduction.  *N.J. S.A.* 13:1E–136.  Thus, to exempt from taxes non-processible waste not suitable for burning would be inconsistent with the legislative objective of reducing the waste flow to landfills by the use of both recycling and resource recovery.  Although the Authority represents that Warren County laudably has implemented a solid-waste-management plan and currently recycles a significant portion of its solid-waste stream, the clear legislative objective is that recycling be implemented throughout the state on an incremental basis.  *See N.J.S.A.* 13:1E–99.11.  Hence, we discern no legislative purpose to exempt counties such as Warren from the taxation provisions of the Act.

Affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For reversal*—None.